# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4938 | **DATE** | 12/5/2011 |
| **CASE TITLE** | Shorter vs. Unknown Joliet Police Officer et al. | | |

**DOCKET ENTRY TEXT**

Defendant Silver Cross Hospital and Medical Centers's motion to dismiss [16] is granted.

■ [ For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Before the court is Defendant Silver Cross Hospital and Medical Centers's motion to dismiss pursuant to Rule 12(b)(6). For the following reasons, the motion is granted.

    Pro se Plaintiff Theodore Shorter, Jr.'s form complaint asserts claims under 42 U.S.C. §§ 1983, 1985, and 1986 over an allegedly illegal order by Joliet police officers (co-defendants here, but not part of this motion) to submit to a blood test on or about April 21, 2011, at Defendant's hospital, following Plaintiff's arrest on suspicion of misdemeanor domestic battery.

    In the complaint, the entirety of Plaintiff's factual description of Defendant's allegedly wrongful conduct is: "While in custody at Silver Cross hospital the Plaintiff was forced by the arresting officer to submit to a blood test without legal justification when the arresting officer stated to the Plaintiff: 'If you do not submit to the blood test you will be strapped down and the blood sample will be taken from you.' (referring to security hospital personnel)." The complaint does not say what happened next, much less who did what to whom.

    In its motion to dismiss, Defendant argues the complaint (1) fails to state a claim upon which relief can be granted under Rule 8; (2) advances no plausible claim under § 1983 against Defendant, a private actor; and (3) advances no plausible claim under § 1985 or § 1986 because the allegations do not even approach a claim of conspiracy. The court, in a September 15, 2011 minute order, directed Plaintiff to file a more definite statement pursuant to Rule 12(e). The order was in line with a district court's responsibility to construe pro se complaints liberally and allow ample chance to correct pleading deficiencies. See Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996); see also Arnette v. Webster, 658 F.3d 742, 751 (7th Cir. 2011).

    In the September 15, 2011 order, the court set a deadline of September 30, 2011, for Plaintiff to file a more definite statement. Plaintiff missed that deadline. Plaintiff did not appear personally, as ordered in an October 24, 2011 minute order, for status on December 2, 2011. More than two months have passed since the deadline to comply with the court's order to file a more definite statement. Plaintiff has yet to submit a

| STATEMENT |
|---|

more definite statement—or any other filing, such as a response to Defendant's motion to dismiss.

    The scant allegations described in the complaint fail to sustain claims against the hospital or its employees. The court took the motion to dismiss under advisement in its September 15, 2011 minute order, and now finds that the motion to dismiss is meritorious. The motion to dismiss pursuant to Rule 12(b)(6) is therefore granted. Plaintiff's claims against Defendant Silver Cross Hospital and Medical Centers are dismissed with prejudice.

    IT IS SO ORDERED.

FILED
2011 DEC -6 PM 2:15
CLERK
U.S. DISTRICT COURT